IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WICK,

        Plaintiff,                    No. CIV S-09-1027 EFB P

    vs.

ANGELEA, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On January 29, 2010, the court directed the U.S. Marshal to serve plaintiff's complaint on defendants McClelland, Mejia, Hirai, Grannis, Angelea, Gutierrez, Monroe, Prosper and Peck. Dckt. No. 9.

        Pending before the court are (1) McClelland's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, motion for a more definite statement pursuant to Rule 12(e), Dckt. Nos. 13, 14; and (2) Mejia, Hirai, Grannis, Angelea, Gutierrez, and Monroe's motions to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6), Dckt. Nos. 28, 30, 38. Plaintiff filed an opposition brief to each of these motions. Dckt. Nos. 21, 31, 35, 49. Plaintiff also filed

1

1  a motion for leave to file an amended complaint. Dckt. No. 50. Plaintiff states that "[i]t has
2  come to [his] attention from the Defendants' motions to dismiss that there are a few things [he]
3  could have articulated better . . . ." *Id.* at 1. Plaintiff states further that "Defendants' last motion
4  to dismiss brought what [he] believe[s] are shortcomings in [his] complaint to [his] attention, and
5  [he] believe[s] it best to remedy them." *Id.* Plaintiff therefore requests permission to file an
6  amended complaint. *Id.* at 1-2.

7  Effective December 1, 2009, Rule 15(a)(1) provides that "[a] party may amend its
8  pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is
9  one to which a responsive pleading is required, 21 days after service of a responsive pleading or
10 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[1] Because
11 defendants have filed motions to dismiss pursuant to Rule 12(b) and 12(e), plaintiff's
12 opportunity to amend "as a matter of course" expired 21 days thereafter.

13 Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its
14 pleading only with the opposing party's written consent or the court's leave. The court should
15 freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely
16 granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v.*
17 *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend
18 under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith;
19 (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S.
20 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial
21 court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d
22 339, 343 (9th Cir. 1996).
23 ////

---

25 [1] The former version of Rule 15(a)(1) provided that "[a] party may amend its pleading
   once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20
26 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on
   the trial calendar."

Although it is unclear precisely what amendments plaintiff seeks to make, the request for leave to file an amended complaint will be granted. There is no indication that plaintiff, who diligently opposed each motion to dismiss, unduly delayed in requesting leave to amend or that the request is made in bad faith. Further, the court cannot say at this time that amendment would be futile. Additionally, although defendants have already filed motions to dismiss the original complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds. Accordingly, plaintiff's motion to amend his complaint will be granted. Upon filing an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

As a result, defendants' motions to dismiss and motion for more definite statement, Dckt. Nos. 13, 14, 28, 30, 38, are denied as moot. Any amended complaint will supersede the earlier complaint, which defendants have moved to dismiss, rendering the earlier complaint of no legal effect and the motions moot.

Plaintiff has also filed a "Rule 60(b) Motion," requesting service of the original complaint on Prosper and Peck. Dckt. No. 52. As plaintiff is herein granted leave to file an amended complaint, plaintiff's motion for service of the original complaint is also denied as moot. As noted, any amended complaint will supersede the earlier complaint. Upon screening the amended complaint and finding that it states a cognizable claim against defendants Peck and Prosper, the court will order the U.S. Marshal to effect service on these defendants. Thus, the court will retain the documents submitted by plaintiff for service on Peck and Prosper.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to amend his complaint, Dckt. No. 50, is granted, and plaintiff has 30 days from the date of this order to file an amended complaint;[2]

////

---

[2] Failure to timely file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed for failure to prosecute.

3

1     2.  Defendants' motions to dismiss and for a more definite statement, Dckt. Nos. 13, 14,
2  28, 30, and 38, are denied without prejudice; and
3     3.  Plaintiff's "Rule 60(b) Motion," Dckt. No. 51, requesting service of the original
4  complaint on defendants Prosper and Peck, is denied as moot.
5     SO ORDERED.
6  Dated:   November 23, 2010.

                                         EDMUND F. BRENNAN
7                                        UNITED STATES MAGISTRATE JUDGE