IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WICK,

        Plaintiff,                   No. 2:09-cv-1027 EFB P

    vs.

ANGELEA, et al.,

                                     ORDER AND
        Defendants.        FINDINGS AND RECOMMENDATIONS[1]

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. § 1983. The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] Defendants failed to respond to the court's order filed on January 29, 2010, Dckt. No. 10, directing that they complete and return the form indicating either their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge

1

After reviewing plaintiff's original complaint pursuant to § 1915A, the court directed the U.S. Marshal to serve defendants Angelea, Prosper, Monroe, Gutierrez, Mejia, Hirai, Grannis, McClelland, and Peck. Dckt. No. 9. After defendants moved to dismiss the complaint for failure to state a claim, plaintiff requested leave to file an amended complaint. The court granted plaintiff's request and denied the motions to dismiss as moot. Dckt. No. 54. Thereafter, plaintiff filed an amended complaint. As discussed below, the court found that the amended complaint stated a retaliation claim against defendants Angelea, Monroe, Mejia, and Grannis, and dismissed the remaining claims and defendants with leave to amend for failure to state a claim. Dckt. No. 65. Now before the court for screening is plaintiff's second amended complaint, which supercedes all previously filed complaints. Dckt. No. 67.

In dismissing plaintiff's first amended complaint with leave to amend, the court informed plaintiff of the following:

> The amended complaint names the following nine defendants: Angelea, Prosper, Monroe, Gutierrez, Mejia, Hirai, Grannis, McClelland, and Peck. The complaint, 40 pages in length excluding the 150 pages of exhibits, is unnecessarily long and repetitive. The relevant *factual* allegations against each of the defendants – as opposed to the many naked and speculative assertions – are summarized below.
>
> The amended complaint alleges that Angelea compiled a "hit list" of inmates to transfer out of the California Correctional Center (CCC) because the inmates filed administrative appeals or were otherwise disliked by prison staff. Dckt. No. 55, ¶¶ 19, 34; *see also* ¶¶ 43, 53, 56 (alleging Angelea and Grannis were involved in a prior lawsuit plaintiff was litigating). Plaintiff claims he was notified that he was to appear before the classification committee to determine whether he would be transferred. *Id.* ¶ 21.
>
> Plaintiff claims the classification committee included defendants Angelea and Monroe, but that Angelea was the sole decision-maker, and elected to transfer plaintiff because he filed administrative appeals. *Id.* ¶¶ 22, 57. However, plaintiff alleges defendant Monroe facilitated the retaliatory transfer by making false statements in a form 128-G that Monroe improperly prepared in advance of the hearing. *Id.* ¶¶ 21, 24, 28, 44, 57. Plaintiff claims further that defendant Mejia was supposed to independently review the procedures to prevent an arbitrary transfer, but instead endorsed the false 128-G to help ensure that the retaliatory transfer was successful. *Id.* ¶¶ 25, 28, 45, 57. As a result, plaintiff claims he was transferred to California State Prison, Solano (CSP-Solano). *Id.* ¶ 32.

Plaintiff alleges defendant Grannis thwarted the administrative appeals process to prevent plaintiff from being transferred back to CCC from CSP-Solano. *Id.* ¶¶ 34, 47, 54. Additionally, plaintiff alleges that at his next annual classification committee meeting, defendant Peck told plaintiff he would not be transferred back to CCC because he had issues with staff there. *Id.* ¶¶ 35-37, 48.

Plaintiff claims defendants Gutierrez, Prosper, Hirai, Grannis, and McClelland were all made aware of the retaliation and had "oversight responsibility." *Id.* ¶ 57. More specifically, plaintiff alleges that Gutierrez lied to plaintiff's parents by falsely informing them that plaintiff's property would be returned to CCC. *Id.* ¶¶ 31, 32, 46. He alleges that Prosper wrote a letter to plaintiff's parents that did not clarify the issue of plaintiff's retaliatory transfer and contained false statements. *Id.* ¶¶ 38-39, 49. He also alleges that Hirai wrote a letter that contained false statements about whether plaintiff's transfer was lawful and did not deny that there was a "hit list." *Id.* ¶¶ 40, 50. Based on these allegations, plaintiff "presumes," that Gutierrez, Hirai, and Prosper coordinated efforts "to cover the arbitrary action up." *Id.* ¶ 46. Additionally, plaintiff alleges that it was McClelland's job to investigate illegal CDCR activity, and that he conducted only a limited inquiry and made false statements about plaintiff's transfer. *Id.* ¶¶ 41, 51.

The amended complaint identifies the following claims for relief: (1) "Retaliation for Exercise of First Amendment Rights;" (2) "Conspiracy to Deprive Persons of Due Process and Equal Protection;" (3) "Having Knowledge of and Failing to Stop Civil Rights Violations;" and (4) "Obstruction of Justice" pursuant to 42 U.S.C. § 1985(2).

\* \* \*

Although plaintiff alleges that defendants violated several of his federally protected rights, the nature of plaintiff's allegations demonstrate a retaliation claim against some of the defendants, at best. Liberally construed, the amended complaint states a cognizable retaliation claim against defendants Angelea, Monroe, Mejia, and Grannis. Although plaintiff purports to bring additional claims for relief, the allegations fail to state a claim under the relevant legal standards, discussed below. Thus, the remaining claims and defendants are dismissed with leave to amend for failure to state a claim.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Thus, plaintiff's general claim that defendants knew of and failed to stop unspecified "civil rights violations," is not viable, as it superfluous to and subsumed by plaintiff's allegations regarding substantive causes of action. *See Albright v. Oliver*, 510 U.S. 266, 271, (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'") (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Moreover, mere allegations that any defendant made statements which later proved to be false, do not contain sufficient factual matter to plausibly

3

demonstrate that any defendant violated a federally protected right.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff claims defendants retaliated against him for exercising his First Amendment rights.  To state a retaliation claim, plaintiff must allege that a state actor took some adverse action against him *because of* his protected conduct, and that such action chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate penological purpose.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  A "legitimate penological purpose" is not reasonably advanced where that purpose is abused "as a cover or a ruse to silence and punish" an inmate for his protected conduct.  *Bruce v. Ylst*, 351 F.3d 1283, 1289-90 (9th Cir. 2003); *see id.* ("[P]rison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right."); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) ("[P]laintiff has alleged that Stocker's actions were retaliatory and were arbitrary and capricious.  He has thereby sufficiently alleged that the retaliatory acts were not a reasonable exercise of prison authority and that they did not serve any legitimate correctional goal.").  Aside from the retaliation claims against defendants Angelea, Monroe, Mejia, and Grannis, identified as cognizable above, plaintiff has not alleged sufficient factual matter to plausibly allege that any other defendant took some adverse action against him because of his protected First Amendment conduct.

Plaintiff claims defendants conspired to violate his equal protection and due process rights.  "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."  *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  "[T]he language requiring intent to deprive equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Griffin*, 403 U.S. at 102.  The amended complaint does not set forth facts sufficient to support conclusions that defendants engaged in a conspiracy to violate plaintiff's rights based on his membership in any class.  Thus, any conspiracy claim under 42 U.S.C. § 1985(3) fails.

While conspiracy claims may be brought under section 1983, *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), plaintiff fails to make the threshold showing of any underlying equal protection or due process violation. To state a conspiracy claim under § 1983, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Here, plaintiff claims that defendants conspired to violate his due process and equal protection rights, but, as discussed below, plaintiff fails to adequately allege any actual due process or equal protection deprivations upon which to base a conspiracy claim.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484; *see Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (classification at a Level IV prison rather than at a Level III prison did not subject Myron to an atypical and significant hardship); The transfer of a prisoner from one institution to another is not protected by the Due Process Clause in and of itself, even where the change of facilities involves a significant modification in conditions of confinement. *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976). Moreover, prisoners have no federally protected interest in their classification status, *see Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987), or in being housed at a particular institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). *See also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (due process protections generally do not apply when prison officials change an inmate's place of confinement, "even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another"). Here, plaintiff fails to identify a protected interest, so any due process claim must fail. *See Austin*, 545 U.S. at 221.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S.

432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Alternatively, a plaintiff may allege facts showing that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). However, this type of equal protection claim does not arise from state actions that "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (per curiam) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008)). Thus, "the existence of discretion, standing alone, cannot be an Equal Protection violation." *Towery*, 672 F.3d at 661 ("Absent any pattern of generally exercising the discretion in a particular manner while treating one individual differently and detrimentally, there is no basis for Equal Protection scrutiny under the class-of-one theory."). Plaintiff fails to plausibly allege that any defendant deprived him of equal protection of the laws.

Finally, plaintiff purports to bring an obstruction of justice claim pursuant to 42 U.S.C. § 1985(2). Section 1985(2) require a showing of (1) denial of access to the federal courts, or (2) class-based animus and denial of access to the state courts. *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993). "A claim under section 1985(2), part one, is composed of three essential elements: (1) a conspiracy between two or more persons, (2) to deter a [party, juror, or] witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending, which (3) causes injury to the claimant." *Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988); *see Dooley v. Reiss*, 736 F.2d 1392, 1395-96 (9th Cir. 1984) (allegations that defendants conspired to commit perjury and to conceal evidence failed to state a claim for relief under section 1985(2) because alleged actions did not influence or seek to influence claimant by force, intimidation, or threat). Plaintiff fails to plausibly allege that defendants conspired to deter him from testifying in federal court proceedings or that any defendant denied him access to state courts because he was a member of a protected class.

Plaintiff is hereby informed that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, the plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Plaintiff may proceed only on his retaliation claim against defendants Angelea, Monroe, Mejia, and Grannis, or he may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

Dckt. No. 65 at 2-9.

As plaintiff himself acknowledges, the second amended complaint is "largely the same" as his first amended complaint, and "even more similar" to plaintiff's original complaint, "which the court screened pursuant to § 1915A and ordered to proceed against all defendants on December 15, 2009." Dckt. No. 70. Once plaintiff amended his complaint, however, the initial screening order became moot. As set forth above, the court thoroughly screened plaintiff's first amended complaint and informed plaintiff of the numerous deficiencies therein. Plaintiff's second amended complaint fails to correct those deficiencies.

Accordingly, plaintiff may proceed only on his retaliation claim against defendants Angelea, Monroe, Mejia, and Grannis, and the court recommends that all remaining claims and defendants be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that Clerk shall randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that:

1. With the exception of the retaliation claim against defendants Angelea, Monroe, Mejia, and Grannis, all claims be dismissed from this action for failure to state a claim upon which relief may be granted; and

////

////

////

2. Defendants Angelea, Monroe, Mejia, and Grannis be directed to file, within 30 days of any order adopting these findings and recommendations, a response to the amended complaint as herein narrowed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE