IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ERIC WICK,                         )
                                   )    2:09-cv-01027-GEB-EFB
          Plaintiff,               )
                                   )
     v.                            )    ORDER DENYING REQUEST FOR
                                   )    ENTRY OF JUDGMENT UNDER RULE
H. ANGELEA, V. MONROE, J. MEJIA,   )    54(b)
and N. GRANIS,                     )
                                   )
          Defendants.*             )
_____)
```

Kerry McClelland filed a Request for Entry of Judgment on February 26, 2013, requesting "that Judgment in favor of Kerry McClelland be entered" under Federal Rule of Civil Procedure ("Rule") 54(b). (McClelland's Req. 4:6-7, ECF No. 75.) McClelland argues the February 11, 2013 Order adopting the Magistrate Judge's findings and recommendations filed January 14, 2013, "dismiss[ed] all claims against [him]" and "there is no just reason to delay entry of Judgment in [his] favor . . . ." (Id. at 1:20-2:4.)

///
///

---

* The caption has been amended according to the February 12, 2013 Order, which dismissed all claims against Defendants Kathleen Prosper, Cindy Gutierrez, Joy Hirai, Kerry McClelland, and Stephen Peck. (ECF No. 74, 2:5-7.)

1

1         Rule 54(b) provides:

> When an action presents more than one claim for relief . . . , or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In applying this rule, "[a] district court must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). "Then [the district court] must determine whether there is any just reason for delay." Id. "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." Id. (internal quotation marks omitted). Factors to consider include:

> (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Mountain View Hosp., L.L.C v. Sahara, Inc., No. 4:07-cv-00464-BLW, 2012 WL 397604, at *1 (D. Idaho Feb. 7, 2012) (citing Wood, 422 F.3d at 878).

2

1  McClelland has not shown sufficient justification for entry of
2 partial final judgment under Rule 54(b). Therefore, his motion is
3 DENIED.
4 Dated:  March 11, 2013

```
                              _____
                              GARLAND E. BURRELL, JR.
                              Senior United States District Judge
```

3