1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC WICK,                                No.  2:09-cv-1027-GEB-EFB P

12              Plaintiff,

13        v.                                    ORDER

14   ANGELEA, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights

18   action under 42 U.S.C. § 1983.  Plaintiff alleges that defendants Angelea, Monroe, Mejia, and

19   Grannis ("defendants") caused plaintiff to be transferred from the California Correctional Center

20   ("CCC") to California State Prison, Solano, in retaliation for plaintiff's exercise of his First

21   Amendment right to file inmate appeals. According to plaintiff, he was one of many inmates who

22   was transferred after being named on a retaliatory "hit list."

23        Before the court is plaintiff's motion to compel defendants' responses to three of his

24   requests for production (RFP, Set One, Nos. 4, and 6; RFP, Set Two, No. 1). ECF No. 84.

25   Defendants opposed the motion and plaintiff filed a reply.  ECF No. 85, 86.  For the reasons

26   stated below, plaintiff's motion is granted in part as to RFP, Set One, Nos. 4 and 6, and RFP, Set

27   Two, No. 1.  In all other respects, the motion is denied.

28   /////

                                             1

RFP, Set One, No. 4

In RFP No. 4, plaintiff requested documents regarding the transfer of inmates that took place at CCC on September 11, 12, and 13, 2007, including but not limited to, "daily movement sheets," "C.S.R. worksheets," and memoranda referencing the transfers.  ECF No. 84, Ex. II. Defendants objected to the request as overly broad, compound, and not likely to lead to the discovery of admissible evidence.  ECF. No. 84, Ex. KK at 2.  These objections are overruled. Defendants also responded that daily movement sheets and CSR worksheets are only retained for one year pursuant to the document retention policy at CCC, and that, therefore, any documents that would be responsive, no longer exist.  *Id.*

Plaintiff makes three points in his motion to compel: (1) that old documents are always "lying around" the prisons, notwithstanding the document retention policy at any institution; (2) that defendants failed to produce responsive memoranda; and (3) that defendants failed to produce any "128-G chronos from classification," but that plaintiff would settle for "a copy of the training module on 128-G generation by Correction Counselors . . . ."  ECF No. 84 at 3-4.

Defendants' opposition includes the sworn declaration of the Litigation Coordinator at CCC.  She confirms that daily movement sheets and CSR worksheets are only kept for one year, pursuant to the document retention policy at CCC.  ECF No. 85-2, ¶¶ 2-4.  Though plaintiff questions *when* the requested documents were destroyed (that is, in 2008 pursuant to the document retention policy, or in 2013, after plaintiff requested them), plaintiff fails to discredit the Litigation Coordinator's sworn representation regarding CCC's one year document retention policy or otherwise demonstrate that any of the requested documents were (or might have been) destroyed in bad faith because of this lawsuit.  ECF No. 86 at 3.  Therefore, this portion of plaintiff's motion to compel is denied.

As for plaintiff's request for memoranda, defendants state that after making another inquiry in response to plaintiff's motion, they are producing to plaintiff "two emails with attachments, showing the number of inmates to be moved when deactivating the Level III gym in September 2007."  ECF No. 85 at 3.  In his reply, plaintiff does not seek further memoranda or otherwise argue that defendants' production in this regard is incomplete.  ECF No. 86 at 2-3.

1  Therefore, defendants appear to have satisfied plaintiff's request for memoranda, and this portion

2  of plaintiff's motion to compel is denied as moot.

3     Plaintiff does, however, contend that defendants have failed to respond to his request for

4  the "128-Gs."  ECF No. 86 at 3.  Defendants' opposition does not directly address plaintiff's

5  contention that the "128-G" documents are responsive to RFP No. 4 or otherwise explain why

6  they were not produced.  Therefore, within 14 days of the date of this order, defendants shall file

7  a statement with the court either (1) certifying that they have produced the requested documents

8  to plaintiff, or (2) explaining why they have not produced the requested documents to plaintiff.

9  RFP, Set One, No. 6

10    In RFP. No. 6, plaintiff requested the minutes from the Men's Advisory Council meeting

11  with Defendant Angelea, in his capacity as Facility Captain, on September 6, 2007.  ECF No. 84,

12  Ex. II.  In response, defendants stated that the minutes are only retained for two years under the

13  CCC document retention policy, and that despite a reasonable and diligent search, there are no

14  responsive documents to produce.  ECF. No. 84, Ex. KK at 3.

15    Plaintiff states, in his sworn motion to compel, that he does not "buy" that the minutes

16  were destroyed.  ECF No. 84 at 4.  He states that he was previously involved with the Men's

17  Advisory Council, and claims that "we had minutes of meetings from a decade past."  *Id.*  Thus,

18  plaintiff raises the possibility that the Men's Advisory Council minutes were not destroyed in

19  accordance with any document retention policy, and that the requested minutes may exist,

20  notwithstanding such a policy.  In opposition, defendants rely on their initial response to RFP No.

21  6, claiming that the requested minutes no longer exist because of the document retention policy.

22  *See* ECF No. 85 at 3.[1]  Defendants claim that there is nothing further that they can do to produce

23  documents responsive to RFP No. 6.  The court disagrees.  Defendants have relied solely on the

24  existence of the two-year document retention policy in refusing to produce the requested minutes.

25  /////

26  

27  [1] While defendants' opposition brief references defense counsel's "inquiry" for the minutes, defense counsel does not submit a sworn declaration describing his inquiry, or otherwise detail any other efforts he has made to obtain the minutes, either before or after plaintiff's filing of the

28  instant motion to compel.  *See* ECF No. 85 at 3.

1   Plaintiff has presented information that the minutes may nevertheless still exist.  The defendants'

2   obligations are to conduct a reasonable search for responsive documents and either produce the

3   documents located or provide a verification that after having conducted such a search, no such

4   documents could be located.  Merely citing to CCC's document retention policy does not satisfy

5   that requirement.  Accordingly, within 14 days of the date of this order, defendants shall file a

6   statement with the court (1) certifying and describing the steps that have been taken to locate the

7   requested minutes and (2) either producing the requested minutes or explaining why the minutes

8   have not been produced.

9   RFP, Set Two, No. 1

10        In RFP No. 1, plaintiff requested "the Office of Internal Affairs report written by OIA

11   Agent Rives, delivered to California Correctional Center in or about early July, 2001, concerning

12   his investigation of Correctional Officer Durso, upon which Plaintiff's [false] disciplinary report

13   was purported to be based."  ECF No. 84, Ex. JJ.  In response, defendants stated that they do not

14   have access to documents in the custody of the Office of Internal Affairs.  ECF No. 84, Ex. LL at

15   2.

16        Plaintiff demonstrates the inadequacy of this response.  In the motion, plaintiff points to a

17   rules violation report ("RVR") noting that a copy of the requested OIA report was given to CCC

18   prison officials.  ECF No. 84, Ex. OO.  Defendants' response in opposition, that "none of the

19   defendants in this case have the ability to compel production of documents from OIA," is beside

20   the point, given plaintiff's reference to the RVR.  As stressed by plaintiff in his reply, he is not

21   asking defendants to obtain the document from OIA.  ECF No. 86 at 1.  Rather, plaintiff

22   contends that the OIA report is within the defendants' possession, custody, or control, and

23   provides sufficient grounds for his belief in this regard.  Therefore, within 14 days of the date of

24   this order, defendants shall file a statement with the court either (1) stating that they have

25   produced the requested document to plaintiff, or (2) explaining why they have not produced the

26   requested document to plaintiff.

27        The argument that potentially responsive documents are not within the personal

28   possession of the individual defendants, but rather, are located within different arms of the CDCR

4

1   is simply not helpful.  In this court's experience, "individual defendants who are employed by

2   CDCR can generally obtain documents . . .  from CDCR by requesting them.  If this is the case,

3   then, based on their relationship with CDCR, they have constructive control over the requested

4   documents and the documents must be produced."  *Nible v. Knowles*, No. 1:06-CV-01716-DLB

5   PC, 2011 U.S. Dist. LEXIS 61557, at *11-13 (E.D. Cal. June 1, 2011); *see also Mitchell v.*

6   *Adams*, No. CIV S-06-2321 GEB GGH P, 2009 U.S. Dist. LEXIS 24289, at *24-25 (E.D. Cal.

7   Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had

8   constructive control over requested documents because he had authority to obtain the requested

9   documents from third party CDCR).

10          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 84)

11  is granted to the extent that defendants shall, within 14 days, provide additional statements and/or

12  explanations in response to plaintiff's RFP, Set One, Nos. 4 and 6, and RFP, Set Two, No. 1, as

13  set forth above.  In all other respects, plaintiff's motion is denied.

14  Dated:  August 15, 2013.

15

16                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

5